UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS, *et al.*,

      Plaintiffs,

                                                          Hon. Gershwin A. Drain
v.                                                    Case No. 13-cv-14709

GOVERNOR RICK SNYDER, *et al.*,

      Defendants.
_____/

**ORDER DENYING PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [#9] AND DENYING DEFENDANTS' MOTION TO CHANGE VENUE[#13]**

**I.    INTRODUCTION**

On November 14, 2013, Plaintiffs, Robert Davis and Citizens United Against Corrupt Government, filed the instant action against Defendants, Michigan Governor Rick Snyder, Michigan Attorney General Bill Schuette, the Michigan Senate, the Michigan House of Representatives and the Clerk of the Michigan Court of Appeals,[1] claiming Defendants violated their rights under the Fourteenth Amendment's Equal Protection clause and the Michigan Constitution by enacting Public Act 164 ("PA 164"), which changed the organization and jurisdiction of the Michigan Court of Claims.

Presently before the Court is Plaintiffs' Emergency Motion for Temporary Restraining Order

---

[1] Plaintiffs also brought this action against Judge James S. Jamo, Circuit Court Judge for the Ingham County Circuit Court, however on December 6, 2013, the parties filed a Stipulation of Dismissal as to Defendant Jamo. *See* Dkt. No. 16.

and Preliminary Injunction, filed on November 21, 2013. The Defendants filed a Response in Opposition to Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction on December 5, 2013 and Plaintiffs filed a Reply Brief on December 9, 2013. Also, before the Court is Defendants' Motion to Transfer Venue, filed on November 22, 2013. Plaintiffs filed a Response to Defendants' Motion to Transfer Venue on December 9, 2013. A hearing on these matters was held on December 11, 2013. For the reasons that follow, the Court denies Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and denies Defendants' Motion to Transfer Venue.

## II.   FACTUAL BACKGROUND

This action stems from the recent enactment of PA 164, which was passed and given immediate effect by Defendant, Michigan Senate, on October 30, 2013, and passed and given immediate effect by Defendant, Michigan House of Representatives, on November 6, 2013. Defendant Governor Snyder approved and PA 164 became effective on November 12, 2013.

Pursuant to this recent legislation, the Court of Claims no longer operates "as a function of the circuit court" for Ingham County and circuit court judges for this court may not exercise jurisdiction to resolve these claims brought against the State of Michigan. *See* MICH. COMP. LAWS § 600.6401 *et seq.* (1961). Presently, any actions initiated in the Court of Claims must be filed in the Michigan Court of Appeals. *See* MICH. COMP. LAWS § 600.6419 (2013). Additionally, the Court of Claims now consists of "4 court of appeals judges from at least 2 court of appeals districts assigned by the supreme court." *See* MICH. COMP. LAWS § 600.6404(1) (2013).

At the time PA 164 became effective, Plaintiffs had a state court action pending in the Ingham County Circuit Court before Judge James S. Jamo. *See Citizens United Against Corrupt*

*Government v. State of Michigan, et al.* No. 13-1195-AW. Plaintiffs' state court action raises eight separate claims against state and non-state actors, including a claim against the State Board of Canvassers, alleging that it violated the Michigan Open Meetings Act in conducting the canvas of the City of Detroit's primary election.

Based on the recent enactment of PA 164, Defendant Attorney General Schuette provided the Ingham County Circuit Court with notice that Plaintiffs' action, with respect to the claims asserted against the State Board of Canvassers only, fell within the revised jurisdiction of the Court of Claims and was being transferred to that Court.

In the present action, Plaintiffs allege that their constitutional right to equal protection under the law was violated by the enactment and implementation of PA 164. Plaintiffs also allege that Defendants violated the Michigan Constitution by enacting and implementing PA 164 because both the Defendants House and Senate did not approve its passage with two-thirds vote. Plaintiffs seek declaratory and injunctive relief precluding Defendants from implementing PA 164.

**III.    LAW & ANALYSIS**

    **A.    Injunctive Relief**

Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to protect the status quo pending final resolution of a lawsuit. *See University of Texas v. Camenisch*, 451 U.S. 390 (1981). Whether to grant such relief is a matter within the discretion of the district court. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007). The same factors are considered in determining whether to grant a request for either a temporary restraining order or a preliminary injunction. *See Sandison v. Michigan High School Athletic Assoc.,* 64 F.3d 1026, 1030 (6th Cir. 1995). The four factors that must be balanced

and considered before the court may issue a temporary restraining order or preliminary injunction include: (1) the likelihood of the plaintiff's success on the merits; (2) whether the plaintiff will suffer irreparable injury without the injunction; (3) the harm to others which will occur if the injunction is granted; and (4) whether the injunction would serve the public interest. *Certified Restoration*, 511 F.3d at 542; *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 858 (6th Cir. 1992); and *N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989).

"None of these factors, standing alone, is a prerequisite to relief; rather, the court should balance them." *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996). Preliminary injunctive relief "is an extraordinary measure that has been characterized as 'one of the most drastic tools in the arsenal of judicial remedies.'" *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001). It is well settled that, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Medical Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

As an initial matter, the Court is not convinced that Plaintiffs' federal claim, as currently pled, states a viable claim under *Twombly* and *Iqbal*, thus subject matter jurisdiction over this matter may be lacking requiring dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).[2] To state a claim under 42 U.S.C. § 1983, Plaintiffs must set forth facts showing the deprivation of a right secured by the United States Constitution or the laws of the United States and that the deprivation was caused by someone acting under color of state law. *See Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Conclusory allegations

---

[2] The Court notes that Defendants recently filed a Motion to Dismiss Plaintiffs' Complaint, which will be heard on February 19, 2014.

of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Equal Protection clause of the Fourteenth Amendment "'prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference.'" *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 986 (6th Cir. 2012) (quoting *TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 788 (6th Cir. 2005)); *Radvanksy v. City of Olmstead Falls*, 395 F.3d 291, 322 (6th Cir. 2005). Plaintiffs' Complaint is devoid of any factual allegations demonstrating that PA 164 targets a suspect class nor that PA 164 treats others similarly situated differently than the Plaintiffs. Moreover, Plaintiffs do not identify any fundamental rights implicated by the enactment of PA 164. The Court further finds that the Defendants' arguments concerning standing and abstention are compelling and suggest a very weak likelihood of success on the merits of Plaintiffs' claims.

In addition to failing to demonstrate a likelihood of success on the merits, Plaintiffs also have not shown irreparable harm. "A finding of irreparable harm is 'the single most important prerequisite that the Court must examine when ruling upon a motion for preliminary injunction.'" *Wells Fargo & Co.*, 293 F.Supp. 2d 734, 771 (E.D. Mich. 2003). Failure to show irreparable harm is sufficient ground for denying a request for a preliminary injunction. *Roberts v. Van Buren Public Schools*, 731 F.2d 523, 526 (4th Cir. 1984). The Court of Appeals has temporarily stayed the cases pending in the Court of Claims for thirty days and a judge has not yet been assigned to Plaintiffs' case against the State Board of Canvassers. Plaintiffs do not explain how this temporary delay has caused them

irreparable harm.

Lastly, Plaintiffs have not presented any arguments concerning the last two factors this Court must consider, whether third parties will be harmed and whether the public interest will be served if an injunction is issued. Thus, these factors likewise do not support issuing a temporary restraining order or a preliminary injunction. Based on the foregoing, Plaintiffs' request for injunctive relief is denied.

### B. Transfer Venue

Title 28, section 1404(a) of the United States Code provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Courts have broad discretion to transfer an action pursuant to section 1404 to avoid unnecessary delay and to protect parties, witnesses, and the public from undue expenses and inconvenience. *See generally Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Norwood v. Kirkpatrick*, 349 U.S. 29 (1955). The Supreme Court instructs that "[s]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

A transfer pursuant to § 1404(a) requires that: "(1) the action could have been brought in the proposed transferee-court; (2) a transfer would promote the interests of justice; and (3) a transfer would serve the parties' and witnesses' convenience." *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001). This in turn requires the Court consider relevant case-specific factors such as:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4)

> the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000); *see also Grand Kensington, LLC v. Burger King Corp.*, 81 F. Supp. 2d 834, 836 (E.D. Mich. 2000); *Helder v. Hitachi Power Tools, USA Ltd.*, 764 F. Supp. 93, 96 (E.D. Mich. 1991); *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (holding that a "court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'") (quoting *Stewart Organization, Inc.*, 487 U.S. at 30). The moving party must demonstrate by a preponderance of the evidence that, in light of these factors, "fairness and practicality strongly favor the forum to which transfer is sought." *Thomas v. Home Depot U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001).

Generally, a plaintiff's choice of forum will be given deference unless the defendant makes an appropriate showing. *See Grand Kensington*, 81 F. Supp. 2d at 836 (citing *Gen. Motors Corp. v. Ignacio Lopez de Arriortua*, 948 F. Supp. 656, 668 (E.D. Mich. 1996)). A transfer is not appropriate if the result is simply to shift the inconvenience from one party to another. *See Evans Tempcon, Inc. v. Index Indus., Inc.*, 778 F. Supp. 371, 377 (W.D. Mich. 1990).

As a preliminary matter, this Court finds that the present case could have been brought in the United States District Court for the Western District of Michigan. Turning to the *Overland* factors, the Court concludes that Defendants have failed in their burden demonstrating that "fairness and practicality strongly favor the forum to which transfer is sought." *Thomas,* 131 F. Supp. 2d at

936.

The central argument raised by Defendants is that PA 164 was enacted, and all of the Defendants conduct their official business in Lansing, which is located in the Western District of Michigan. However, the likelihood that the Defendants or other witnesses may be inconvenienced by having to travel to Detroit, Michigan from Lansing, Michigan instead of traveling from Lansing, Michigan to Grand Rapids, Michigan appears slight.

Additionally, Defendants argument that all of the proofs and evidence are located in Lansing is of no consequence. "[M]odern photocopying technology and electronic storage deprive this issue of practical or legal weight." *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 390 (D. Conn. 2008)(citation omitted), and "[t]he location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing document." *Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge North Am., Inc.* 474 F. Supp. 2d 474. 484 (S.D.N.Y. 2007). The location of relevant documents does not strongly favor either district.

Defendants do not address the remaining *Overland* factors this Court must consider, however the Court finds that the availability of process to compel the attendance of unwilling witnesses; the relative means of the parties; the forum's familiarity with the governing law; and trial efficiency and the interests of justice do not weigh in favor of a transfer. Plaintiff's choice of venue is entitled to substantial weight in determining the propriety of a transfer, and based on the totality of the circumstances, the Court cannot conclude that a transfer will promote the interests of justice. Therefore, the requirements for transfer under § 1404(a) have not been satisfied and Defendants' Motion to Transfer Venue is denied.

### IV.    CONCLUSION

For the reasons stated above, Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction [#9] is DENIED.

Defendants' Motion to Transfer Venue [#13] is DENIED.

SO ORDERED.

Dated: December 12, 2013                                    s/Gershwin A. Drain
                                                                                                            GERSHWIN A. DRAIN
                                                                                                            United States District Judge