UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS, *et al.*,

    Plaintiffs,

v.                                                 Case No. 13-cv-14709
                                                       Hon. Gershwin A. Drain

GOVERNOR RICK SYNDER, *et al.*,

    Defendants.
_____/

**<u>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS [#19] AND
DENYING PLAINTIFFS' EMERGENCY MOTION FOR DECLARATORY
JUDGMENT FOR COUNT I [#3] AND DISMISSING ACTION</u>**

**I.  INTRODUCTION**

The instant action stems from the recent enactment of Michigan Public Act 164 (2013) ("PA 164"), which enlarged the jurisdiction and organization of the Michigan Court of Claims. Pursuant to this recent legislation, the Court of Claims no longer operates as a function of the Circuit Court for Ingham County and any actions initiated against the State must be filed in the Michigan Court of Appeals. The Court of Claims now consists of four Michigan Court of Appeals judges, who are assigned by the Michigan Supreme Court pursuant to the new law.

Plaintiffs, Robert Davis and Citizens United Against Corrupt Government, bring their claims against Michigan Governor Rick Snyder, Michigan Attorney General Bill Schuette, the Michigan Senate, the Michigan House of Representatives and the Clerk of the Michigan Court of Appeals. Plaintiffs allege that the enactment and implementation of PA 164 violates their rights under the Fourteenth Amendment's Equal Protection Clause and art. VI, §§1 and 27 of the Michigan

-1-

Constitution.

Presently before the Court is Plaintiffs' Emergency Motion for Declaratory Judgment for Count I, filed on November 15, 2013. Defendants filed a Response in Opposition on December 13, 2013. Also, before the Court is Defendants' Motion to Dismiss, filed on December 9, 2013. Plaintiffs have failed to file a Response to Defendants' Motion to Dismiss, and the time for filing a Response has expired. *See* E.D. Mich. L.R. 7.1(e)(1)(B)("A response to a dispositive motion must be filed within 21 days after service of the motion."). Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the resolution of the matters before the Court. Accordingly, the motions will be decided on the briefs submitted. *See* E.D. Mich. L.R. 7.1(f)(2).

## II.     FACTUAL BACKGROUND

The speed within which PA 164 was introduced and passed by the Michigan legislature and signed by Governor Snyder was remarkable considering the absence of any serious study on the impact and the potential burden the legislation might engender to the Michigan Court of Appeals and litigants alike. As such, it is worth documenting the history of the bill. On October 24, 2013, State Senator Rick Jones introduced Senate Bill 652 to the Michigan Senate. On October 29, 2013, the bill passed the Senate Judiciary Committee with testimony provided in favor by Robert LaBrant, senior counsel for the Sterling Corporation, and opposed by former House Representative Bruce A. Timmons.

On October 30, 2013, Senator Meekhof moved for the suspension of the Senate rules so that Bill 652 could be placed on the General Orders calendar for consideration that day. The motion prevailed, the bill was passed and given immediate effect with twenty-six (26) voting in favor and eleven (11) voting against its passage. The next day, the bill was referred to the House Government

Operations Committee which recommended passage of the bill without amendment on November 5, 2013. While the Committee recommend no changes to the bill, numerous individuals and entities submitted their positions in opposition to the Committee, including the Appellate Practice Section of the State Bar, the Ingham County Commissioner, the Michigan Association of Justice, four judges of the Macomb County Circuit Court, the Board of Directors of the Ingham County Bar Association, the Oakland County Bar Association, and two judges of the Ingham County Circuit Court. Much of the opposition stemmed from the speed of the legislation coupled with the lack of investigation into the impact the legislation would have on the Michigan Court of Appeals, which is not equipped to handle trial matters, as well as the numerous questions left unanswered by the legislation, such as how appeals from the Court of Claims would be taken.

Despite requests for additional hearings to allow for input from the legal community, on November 6, 2013, the House passed the bill, effective immediately, with fifty-seven (57) voting in favor of the bill and fifty-two (52) voting against passing the bill. Governor Snyder signed the bill on November 12, 2013.

At the time PA 164 became effective, Plaintiffs had a state court action pending in the Ingham County Circuit Court, which sought declaratory and injunctive relief against several state entities. This case has since been transferred to the Michigan Court of Appeals pursuant to PA 164.

Plaintiffs brought the instant action on November 14, 2013 pursuant to 42 U.S.C. § 1983. They assert two claims and seek declaratory and injunctive relief. Count I alleges violations of the Equal Protection Clause and art. VI, §1 of the Michigan Constitution. Count II alleges violations of the Equal Protection Clause and art. VI, § 27 of the Michigan Constitution.

On December 12, 2013, this Court denied the Plaintiffs' Emergency Motion for Temporary

Restraining Order and Preliminary Injunction and denied the Defendants' Motion to Transfer Venue. *See* Dkt. No. 22. In this Court's December 12, 2013 Order, the Court concluded that Plaintiffs failed to demonstrate a likelihood of success on the merits of their federal equal protection claim, finding that:

> As an initial matter, the Court is not convinced that Plaintiff's federal claim, as currently pled, states a viable claim under *Twombly* and *Iqbal*, thus subject matter jurisdiction over this matter may be lacking requiring dismissal. To state a claim under 42 U.S.C. § 1983, Plaintiffs must set forth facts showing the deprivation of a right secured by the Constitution or the laws of the United States and that the deprivation was caused by someone acting under color of state law. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983.
>
> \*      \*      \*
>
> Plaintiff's Complaint is devoid of any factual allegations demonstrating that PA 164 targets a suspect class nor that PA 164 treats others similarly situated differently than the Plaintiffs. Moreover, Plaintiffs do not identify any fundamental rights implicated by the enactment of PA 164. The Court further finds that the Defendants' arguments concerning standing and abstention are compelling and suggest a very weak likelihood of success on the merits of Plaintiffs' claims.

*Id.* at 4-5 (internal citations omitted).

### III.   LAW & ANALYSIS

The Equal Protection clause of the Fourteenth Amendment commands that "no State shall . . . deny any person within its jurisdiction the equal protection of the laws." U.S. CONST., amend. XIV, §1. "The guarantee of equal protection of the law directs that all persons similarly circumstanced shall be treated alike." *Disabled American Veterans v. Dep't of Veterans Affairs*, 962 F.2d 136, 141 (2d Cir. 1992) (internal quotations omitted). "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*,

648 F.3d 365, 379 (6th Cir. 2011) (citing *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)). "[T]he threshold element of an equal protection claim is disparate treatment; once disparate treatment is shown, the equal protection analysis to be applied is determined by the classification used by government decision-makers." *Id.*

"If no fundamental right or suspect classification is at issue, then the state need only demonstrate that its action bears some rational relationship to some legitimate governmental interest." *Breck v. Michigan*, 47 F. Supp.2d 880, 886 (E.D. Mich. 1999) (citing *Zielasko v. State of Ohio*, 873 F.2d 957, 959 (6th Cir. 1989)). Rational basis review "is the most relaxed and tolerant form of judicial scrutiny" under the equal protection clause. *Dallas v. Stanglin*, 490 U.S. 19, 26 (1989). Under this least demanding form of judicial review, classifications may only be set aside as constitutionally infirm "if they are based solely on reasons totally unrelated to the pursuit of the state's goals and only if no grounds can be conceived to justify them." *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 17 (1973).

As an initial matter, Defendants raise several procedural challenges to Plaintiffs' Complaint. First, Defendants argue that this Court lacks subject matter jurisdiction because Plaintiffs fail to allege valid claims under the Equal Protection Clause. Defendants maintain that Plaintiffs' Equal Protection claims are "nothing more than thinly disguised state-law challenges to PA 164 grounded in the Michigan Constitution." Defs.' Mot. at 15. Defendants further argue that Plaintiffs lack standing to bring this action because they cannot show a concrete and particularized injury or that there is a substantial likelihood that they will be the unique target of future harm. Defendants House, Senate and Governor Snyder also assert that they are entitled to legislative immunity. Lastly, Defendants maintain that this Court should abstain from reviewing Plaintiffs' claims until the state

courts have had an opportunity to review the legality of PA 164.

In regard to the merits of Plaintiffs' Equal Protection claims, Defendants argue that PA 164 passes rational basis review because Defendants have a legitimate government interest in changing the Court of Claims' jurisdiction so that judges who represent citizens from all over the State of Michigan will preside over cases against the State, rather than judges who represent roughly three percent (3%) of the Michigan population. Moreover, Defendants argue that Plaintiffs cannot demonstrate they are entitled to declaratory relief because they cannot demonstrate the third and fifth factors required by *Grand Trunk Western R.R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984).

Here, the Court concludes that Plaintiffs have failed to allege the essential elements of an Equal Protection claim. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.*

Plaintiffs' Complaint alleges that "the enforcement of Public Act 164 against the Plaintiffs'

State Court Action violates Plaintiffs' rights afforded them under the Fourteenth Amendment of the United States Constitution" and "Plaintiffs have suffered and will continue to suffer a loss of their constitutionally protected rights to proceed with their State Court Action." Compl., ¶¶47, 66. These allegations are wholly inadequate for this Court to plausibly infer an Equal Protection violation. The Complaint is devoid of any factual allegations that Plaintiffs are members of an identifiable group that have been disparately treated or that they are similarly situated in all material respects to another group that received more favorable treatment than the Plaintiffs. "[T]he threshold element of an equal protection claim is disparate treatment; once disparate treatment is shown, the equal protection analysis to be applied is determined by the classification used by government decision-makers." *Ctr. for Bio-Ethical Reform, Inc.*, 648 F.3d at 379.

Moreover, Plaintiffs failed to file a Response to Defendants' Motion to Dismiss, nor have Plaintiffs moved to amend their pleading. Plaintiffs were put on notice concerning the paucity of their Equal Protection factual allegations when this Court denied their Request for a Temporary Restraining Order. *See* Dkt. No. 22 at 4-5. Accordingly, the Court concludes that Plaintiffs' Equal Protection claim must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs have also advanced a state law claim asserting that PA 164 violates art. VI, § 1 of the Michigan Constitution because it was not passed by two-thirds of the voting members of the House of Representatives. Plaintiffs further allege that PA 164 violates art. VI, § 27 because the bill was not passed with two-thirds vote by both houses, which is required for a bill to be given immediate effect. Because the Court finds that Plaintiffs' Equal Protection claims are subject to Rule 12(b)(6) dismissal, the Court declines to exercise supplemental jurisdiction over Plaintiffs'

remaining state law claims. "The exercise of jurisdiction solely over state-law claims is particularly inappropriate when the district court is called upon to rule upon the validity of a State's law under its own constitution." *Field v. County of Alcona*, 255 F. Supp.2d 708, 714 (E.D. Mich. 2003) (citing *Castellano v. Bd. of Trustees of Police Officers' Variable Supplements Fund*, 937 F.2d 752, 758 (2d Cir. 1991)); *see also, United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). As such, the Court declines to consider the parties' arguments concerning Plaintiffs' state law claims and will dismiss these claims without prejudice.

## IV.  CONCLUSION

For the reasons stated above, Plaintiffs' Emergency Motion for Declaratory Judgment for Count I [#3] is DENIED with respect to Plaintiffs' Equal Protection claim only.

Defendants' Motion to Dismiss [#19] is GRANTED IN PART. Plaintiffs' Equal Protection claims are dismissed. Plaintiffs' state law claims are dismissed without prejudice.

SO ORDERED.

Dated: February 26, 2014                                                s/Gershwin A. Drain
                                                                        GERSHWIN A. DRAIN
                                                                        United States District Judge