UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS, *et al.*,

    Plaintiffs,

v.

                                              Case No. 13-cv-14709
                                              Hon. Gershwin A. Drain

GOVERNOR RICK SYNDER, *et al.*,

    Defendants.

_____/

## **ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS**
## **[#26]**

### I.    INTRODUCTION

On November 14, 2013, Plaintiffs, Robert Davis and Citizens United Against Corrupt Government, filed the instant action under 42 U.S.C. § 1983 against Defendants, Michigan Governor Rick Snyder, Michigan Attorney General Bill Schuette, the Michigan Senate, the Michigan House of Representatives, and the Clerk of the Michigan Court of Appeals, claiming Defendants violated Plaintiffs' rights under the Fourteenth Amendment's Equal Protection Clause and art. VI, §§ 1 and 27 of the Michigan Constitution by passing and immediately enacting Public Act 164 of 2013 ("PA 164"), which changed the organization and jurisdiction of the Michigan Court of Claims.

Presently before the Court is Defendants' Motion for Attorney Fees and Costs, filed on March 26, 2014, under Rule 54.1.2 of the Eastern District of Michigan Local Rules; Rule 54(d)(2) of the Federal Rules of Civil Procedure; and 42 U.S.C. § 1988. Defendants argue that Plaintiffs pursued a groundless claim despite being on notice that their claim contained factual

1

and procedural defects. Plaintiffs filed an Answer to Defendants' Motion for Attorney Fees and Costs on April 9, 2014. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the present motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, Defendants' Motion for Attorney Fees and Costs [#26] will be denied.

## II.     FACTUAL BACKGROUND

On November 21, 2013, Plaintiffs filed an Emergency Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction to prevent the removal of their pending state law claim to the Court of Claims, which was established under PA 164. The Court subsequently denied Plaintiffs' TRO motion on December 12, 2013. On February 26, 2014, the Court dismissed this action by granting Defendants' Motion to Dismiss in part. The Court concluded that Plaintiffs failed to allege the essential elements of an equal protection claim and declined to exercise supplemental jurisdiction over the remaining state claim. In their present motion, Defendants submitted affidavits in support of their request for attorney fees. On April 9, 2014, Plaintiffs filed their Response to Defendants' Motion for Attorney Fees and Costs.

## III.     LAW & ANALYSIS

In a 42 U.S.C. § 1983 civil rights action, the court looks to 42 U.S.C. § 1988 for guidance in awarding attorney fees. The court has discretion to award reasonable attorney fees to the prevailing party. 42 U.S.C. § 1988(b). The Sixth Circuit explained that, "[r]elying on the legislative history to Title VII, the [Supreme] Court found that Congress intended to provide incentives for private enforcement of the civil rights laws while at the same time affording some protection to defendants from litigation having *no* legal or factual basis." *Smith v. Smythe–Cramer Co.*, 754 F.2d 180, 182 (6th Cir. 1985) (quoting *Christiansburg Garment Co. v. Equal*

*Empl. Opportunity Commn.*, 434 U.S. 412, 420 (1978)) (emphasis added).[1] Further, a civil rights claim "supported by some evidence" is neither frivolous nor baseless. *Smith*, 754 F.2d at 186.

While prevailing § 1983 plaintiffs are generally entitled to reasonable attorney fees, "prevailing defendants are entitled to attorney fees much less frequently." *Id.* at 182 (citing *Christiansburg*, 434 U.S. at 417-418). A prevailing defendant should only recover upon a finding that the plaintiff, though lacking subjective bad faith, brought an action that was "frivolous, unreasonable, or without foundation . . . ." *Wilson-Simmons v. Lake County Sheriff's Dept.*, 207 F.3d 818, 823 (6th Cir. 2000) (quoting *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994)). As such, a defendant should not be awarded attorney fees unless the plaintiff brought a baseless claim at the beginning or "continued to litigate after it clearly became so." *Wilson-Simmons*, 207 F.3d at 823 (quoting *Smith*, 754 F.2d at 183). "[E]ven when the law or facts appear questionable or unfavorable at the outset," "a plaintiff may have an entirely reasonable ground for bringing suit." *Smith*, 754 F.2d at 183.

A successful defendant should not be granted attorney fees *routinely* for being the prevailing party "but *only* where the action brought is found to be unreasonable, frivolous, meritless or vexatious." *Christiansburg*, 434 U.S. at 421 (citing *Carrion v. Yeshiva Univ.*, 535 F.2d 722, 724 (2d Cir. 1976)) (emphasis added). In determining frivolity, a suit that presents an issue of first impression weakens a finding that the suit was frivolous. *Garner v. Cuyahoga County Juv. Ct.*, 554 F.3d 624, 636 (6th Cir. 2009) (quoting *Tarter v. Raybuck,* 742 F.2d 977, 986 (6th Cir.1984)). Further, a district court should ensure that it does not grant a defendant attorney fees post hoc because a plaintiff was not the prevailing party; engaging in such

---

[1] The Sixth Circuit explained that even though the Supreme Court, in *Christiansburg*, dealt with an award of attorney fees under Title VII, the legislative history in 1988 "makes clear that Congress intended that the standards for awarding fees under section 1988 should be the same as those under Title VII and other acts allowing awards of attorneys fees." *Smith*, 754 F.2d at 183.

hindsight reasoning is not proof that a plaintiff's case was frivolous or without foundation. *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (citing *Christiansburg*, 434 U.S. at 421).

Plaintiffs contend that their Equal Protection claim was not frivolous. Pls.' Resp. to Defs.' Mot. for Att'y Fees 3. Plaintiffs explain that since their claim questioned the constitutionality of the new law under PA 164, their claim was one of first impression. *Id.* Plaintiffs argue that since they presented an issue of first impression, their claim necessitated judicial resolution and, therefore, was neither frivolous nor unreasonable. *Id.*

Conversely, Defendants maintain that they should be granted attorney fees because Plaintiffs' action was defective from the outset or became clearly defective when the Court denied Plaintiffs' TRO motion, yet Plaintiffs continued to litigate this matter regardless of the defects in their federal claim as identified by this Court in denying Plaintiffs' motion. Defs.' Mot. for Att'y Fees ¶ 9. Defendants also argue that Plaintiffs failed to allege any factual support for their alleged constitutional violations. *Id.* at ¶ 4. These together, Defendants argue, misused the Court. *Id.*

It would be unreasonable to award attorney fees to prevailing Defendants where Plaintiffs' suit was not frivolous. The Supreme Court in *Christiansburg* found that an award of attorney fees to the prevailing defendant was not warranted because plaintiff's suit presented an issue of first impression that was not frivolous. *Christiansburg*, 434 U.S. at 424. "A plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Riddle*, 266 F.3d at 548. The Sixth Circuit highlighted the Supreme Court's finding

that "the mere fact that allegations prove legally insufficient to require a trial does not, for that reason alone, render a complaint groundless under *Christiansburg*." *Smith*, 754 F.2d at 183.

In the present case, Defendants rely on this Court's denial of Plaintiffs' TRO motion and dismissal of this action to argue that Plaintiffs brought and continued to litigate a claim without establishing sufficient grounds to sustain their case. Even though Plaintiffs were denied their TRO motion, which is an extraordinary remedy, this denial did not invalidate Plaintiffs' claims. Plaintiffs' case challenged the constitutionality of a newly-enacted and untested civil law that affected their interests in a state case. Because Plaintiffs' case pled issues of first impression under the new statute, Plaintiffs' case necessitated judicial resolution. Therefore, their suit was not frivolous, and undermines an award of attorney fees to Defendants. Further, this Court would be engaging in hindsight reasoning if it grants an award of attorney fees because Plaintiffs were not the prevailing party. Moreover, an award of attorney fees and costs against Plaintiffs would contradict Congress's intent for courts to guard against punishing private citizens and quelling their aspiration to enforce civil right laws.

### IV. CONCLUSION

For the reasons stated above, Defendants' Motion for Attorney Fees and Costs [#26] is DENIED.

SO ORDERED.

Dated: July 9, 2014                                             /s/Gershwin A Drain
                                                                GERSHWIN A. DRAIN
                                                                United States District Judge